IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JEFFREY J. SCHULTE,<br><br>              Plaintiff,<br><br>    vs.<br><br>CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration;<br><br>              Defendants. | 4:12CV3026<br><br>MEMORANDUM AND ORDER |

      This matter is before the court on plaintiff's motion for attorney fees, Filing No. 28, and defendant's objection to the motion, Filing No. 33. Plaintiff requests attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). On December 12, 2012, this court reversed the defendant and determined that plaintiff was entitled to disability benefits under Title II of the Social Security Act, 42 U.S.C. § 401 et seq. Filing No. 23.

      The EAJA provides for the award of attorney fees if: (1) the person is a prevailing party; (2) the individual's net worth did not exceed two million dollars at the time the civil action was filed; and (3) the fees and expenses were "incurred by that party in [the] civil action" in which it prevailed. 28 U.S.C. § 2412(d)(1)(A), (2)(B); *United States SEC v. Zahareas,* 374 F.3d 624, 630 (8th Cir. 2004). Furthermore, in order for claimants to qualify for EAJA attorney fees, the Commissioner's position must not have been substantially justified. *Goad v. Barnhart,* 398 F.3d 1021, 1025 (8th Cir. 2005); *Brouwers v. Bowen*, 823 F.2d 273, 275 (8th Cir. 1987). To establish substantial justification, the Commissioner must show the denial had a reasonable basis in law and fact. *Goad*, 398 F.3d at 1025; *Pierce v. Underwood*, 487 U.S. 552, 565-66 (1988). The

Commissioner has the burden of proving that its position was substantially justified, or that special circumstances make an award of attorney fees and expenses unjust. *Koss v. Sullivan*, 982 F.2d 1226, 1228-29 (8th Cir. 1993); 28 U.S.C. § 2412(d)(1)(A).

Only reasonable fees and expenses may be awarded under the Act. 28 U.S.C. §§ 2412 (d)(1)(A), 2412(d)(2)(A). Fees are to be based on "prevailing market rates for the kind and quality of the services furnished," and attorney fees in excess of $125.00 per hour cannot be awarded unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A).

Plaintiff seeks fees totaling $9,383.49 based on an expenditure of 51.1 hours at a rate of $183.63. Plaintiff also requests that the fee award be paid directly to his attorney. The government objects to plaintiff's application. The government contends (1) that some of the requests are for time that is not compensable under the EAJA and not reasonably spent on this case,[1] and (2) that the law requires payment to the claimant and not to the claimant's attorney.

With regard to the first issue, the government argues that plaintiff has billed for clerical and administrative tasks at an attorney rate. For example, contends the government, plaintiff charged 6.3 hours for the transmission and supervision of his complaint, brief and EAJA application, tasks the government contends could have been handled by support staff. *See* Plaintiff's Application for Attorney Fees, Doc. 29-1, Page ID # 446-47. However, plaintiff disagrees and argues that the supervision language noted by the government only refers to supervision of service of process issues. The

---

[1] The government does not disagree with the requested hourly rate.

2

rest, he argues, required an attorney to draft, edit and finalize. The court has carefully reviewed the expended hours and finds they required the services of an attorney. Accordingly, the court finds in favor of the plaintiff on this issue.

The government next contends that the work performed prior to filing this complaint in the amount of 1.3 hours is excludable, as the EAJA only provides payment for the work done in the civil action. 28 U.S.C. § 2412(d). See Pl.'s Application for Attorney Fees, Doc. 29-1, Page ID # 446. The plaintiff does not directly respond to this argument. The court agrees that this work, review of Appeals Council decision and appeal feasibility, is pre-lawsuit and thus not compensable under the EAJA.

Next, the government argues that plaintiff requests .8 hours of time for preparing and filing a motion to extend time to submit a brief, and the government contends that motions for extensions are not compensable under the EAJA. See *Bowman v. Sec'y of HHS,* 744 F. Supp. 898, 900 (E.D. Ark. 1990) (extension was for counsel's convenience). Plaintiff disagrees arguing that was necessary to getting the work done. The court agrees with the plaintiff that this request was necessary in this case, and notes that the government filed two motions for extensions of time. However, the court believes that .8 hours is excessive. The court finds that .2 hours is most likely the time it takes to draft a one paragraph motion to extend time. Accordingly, the court will both grant and deny this aspect of the government's motion.

Further, the government argues that the fees must also be reasonable, citing *Hensley v. Eckerhart,* 461 U.S. 424 (1983). Of the 42.7 remaining hours, the government argues that the 20.3 hours reviewing the administrative record and drafting a statement of facts, and the 20.1 hours spent researching and drafting arguments are

3

"excessive, redundant, or otherwise unnecessary" and shows a failure to exercise "billing judgment." *Hensley*, 461 U.S. at 434. The government makes this argument on the basis that plaintiff's attorney worked on this case during the administrative hearings and was thus very knowledgeable about the case and the medical history, particularly given the fact that the medical record is only 90 pages of the 327-page administrative record. Similarly, argues the government, because of the plaintiff's attorney's knowledge of the legal arguments and issues that were already made before the Appeals Council, counsel should not be entitled to 23.1 hours worth of repeat work, relying on *Cooper v. R.R. Ret. Bd.,* 24 F.3d 1414, 1419 (D.C. Cir. 1994) (where work done at administrative level was nearly the same as before court, the request was reduced by half). In *Cooper* the court found that 158.2 hours for research and writing and preparing for oral argument excessive, as everything had been prepared for at the administrative level. The *Cooper* court cut the request in half but still awarded the prevailing party in excess of 75 hours of work for the case.

    The plaintiff counters, contending that the work required before the court is different from the work at the administrative level because the plaintiff has to present the record to the court, and the plaintiff must identify and explain the legal and factual errors made by the administrative law judge.

    The court agrees with the plaintiff in this regard. The court notes for the record that *Cooper* involved two decisions, *Cooper I* and *Cooper II*. The court in those cases determined that only one issue existed in *Cooper II*, whether a hardship determination was supported by substantial evidence, and that is why the request was reduced by 50%. The record before this court and the arguments required by this court are different

from those required and relied on by the defendant in *Cooper*. Although there is clearly some overlap between the administrative proceedings and the court case, the distinctions are significant. This case involves several issues, all of which require the application of the law to the facts. The court finds *Cooper* distinguishable. Further, the court notes that counsel in *Cooper* received payment for more hours than the plaintiff in this case is requesting. The court does not believe that 40 hours of work in preparation for this case is excessive. Accordingly, the court will deny the government's motion as to this issue.

The government contends that any awarded fees under the EAJA must be paid to the plaintiff. The court agrees that plaintiff's argument is not in accord with the current law. An EAJA fee is payable to the litigant and may be used to offset any preexisting debt that the litigant might owe to the United States. *Astrue v. Ratliff,* 130 S. Ct. 2521 (2010). Plaintiff has now conceded this point. Filing No. 34 at 6.

The court has carefully reviewed the record, including the hourly fee requested, the experience of counsel, the result, and the affidavit of time and fees submitted by the plaintiff. Filing No. 29. The court finds the request for both attorney fees and the costs are reasonable and should be awarded to the plaintiff. The court finds the plaintiff is a prevailing party. The plaintiff proffers, consistent with the record, that his net worth does not exceed $2,000,000. Plaintiff requests fees totaling $9,383.49 representing 51.1 hours at the rate of $183.63. The court finds that the increase in the cost of living justifies a higher fee than $125.00 per hour. The plaintiff has shown that the amount of $125.00, when adjusted for the escalation of the cost of living since 1996, equates to approximately $183.63 in today's dollars. *See* http://www.bls.gov/data (Consumer Price

Index data), Filing No. 29, Attachments 3 and 4.  Based on its familiarity with prevailing rates in this community, the court finds that plaintiff's counsel's rates are reasonable for cases of this complexity.  The court finds that plaintiff has shown he is entitled to EAJA fees in the amount of $9,383.49 (less 1.9 hours x $183.63 per hour), for a total reduction of $348.90 and a total award of $9,034.60.  The court also finds that there are no special circumstances that would make this award unjust.

THEREFORE, IT IS ORDERED:

1.  Plaintiff's motion for attorney fees, Filing No. 28, is granted in part as set forth herein.  Plaintiff is awarded attorney fees in the amount of $9,034.60.

2.  The government shall pay $9,034.60 directly to the plaintiff, and said payment is subject to offset the satisfaction any preexisting debit that the litigant might owe to the United States.

3.  Defendant's objections, Filing No. 33, are sustained and denied as set forth herein.

4.  A separate judgment will be entered in accordance with this Memorandum and Order.

Dated this 17th day of July, 2013.

BY THE COURT:


s/ Joseph F. Bataillon
United States District Judge