IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JEFFREY J. SCHULTE,<br><br>          Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,<br><br>          Defendant. | 4:12CV3026<br><br>MEMORANDUM AND ORDER |

This matter is before the court on plaintiff's amended motion for attorney fees, Filing No. 38. Plaintiff requests attorney fees pursuant to 42 U.S.C. § 406(b). On December 12, 2012, this court reversed the defendant Commissioner and determined that plaintiff is entitled to disability benefits under Title II of the Social Security Act, 42 U.S.C. § 401 *et seq.* Filing No. 23. Thereafter, this court awarded fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, to the plaintiff in the amount of $9,034.60. Filing No. 35. Plaintiff now asks for fees in the amount of $12,178.25 based on a contingency fee of 25% of past due benefits. Filing No. 38, Exs. A and B.

The court notes that plaintiff has agreed to the requested fee. See Filing No. 38, Ex. D. Further, the government has filed a response and likewise agrees to the fee, provided that if the court awards § 406(b) fees to the plaintiff, counsel must refund the EAJA funds to the plaintiff.

Pursuant to 42 U.S.C. § 406(b), the court may award attorney fees to a successful claimant's counsel for work performed before the court in a "reasonable" amount, not to exceed twenty-five percent (25%) of the total past due benefits awarded

to the claimant. These fees are awarded from the past due benefits awarded to the claimant and are withheld from the claimant by the Commissioner. *Id.*

The court has carefully reviewed the record, including the contingency fee signed by the plaintiff and the declaration wherein the plaintiff agrees to this fee award. Filing Nos. 38, A, B, and D. Further, the court previously reviewed the hours and time submitted by the plaintiff's counsel when addressing the EAJA request for fees and found them in large part reasonable. Counsel obtained good results for his client, and the benefits to counsel are not large when compared with the time submitted in this case. The court determines the amount does not grant a windfall to counsel. The court finds the agreement allowing counsel 25% of the recovery is reasonable and fair. *See Gisbrecht v. Barnhart*, 535 U.S. 789 (2002). Accordingly, the court will grant plaintiff's motion for fees.

THEREFORE, IT IS ORDERED:

1. Plaintiff's motion for attorney fees, Filing No. 38, is granted and counsel for plaintiff is awarded attorney fees in the amount of $12,178.25.

2. Counsel for the plaintiff shall refund the previously awarded $9,034.60 directly to the plaintiff to offset the $12,178.25 award.

3. A separate judgment will be entered in accordance with this Memorandum and Order.

Dated this 8th day of April, 2014.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge